IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MAHMUD I. MORRAR,

    Petitioner,

    vs.                      Civil Action 2:16-cv-850
                             Judge Smith
                             Magistrate Judge King

WARDEN, LONDON CORRECTIONAL
INSTITUTION,

    Respondent.

**REPORT AND RECOMMENDATION**

Petitioner, a state prisoner, brings this action for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his conviction in the Madison County Court of Common Pleas. For the reasons that follow, it is recommended that the action be transferred to the United States Court of Appeals for the Sixth Circuit as a successive petition.

In 2009, Petitioner was convicted on charges of fleeing and eluding and discharging a firearm into a habitation, with a gun specification. The state trial court sentenced him to an aggregate term of 15 years in prison. *State v. Morrar*, 2010 WL 202904 (Ohio App. 12th Dist. May 24, 2010). This is Petitioner's second challenge in this Court to those convictions.

In his first habeas corpus action under 28 U.S.C. § 2254, Petitioner alleged that he was denied due process because he was tried in a county other than that in which the charged offenses were committed. *Morrar v. Warden, London Correctional Institution*, 2:11-cv-

1

574 (S.D. Ohio). This Court dismissed that action as procedurally defaulted, *id., Order Adopting Report and Recommendation* (ECF No. 15); *Clerk's Judgment* (ECF No. 16), and this Court and the United States Court of Appeals for the Sixth Circuit declined to issue a certificate of appealability. *Id., Order* (ECF No. 19); *Morrar v. Timmerman-Cooper*, No. 12-3008 (6th Cir. June 1, 2012). In the *Petition* presently before the Court, Petitioner asserts two (2) claims based on alleged procedural deficiencies in his state post-conviction proceedings; he also asserts, once again, his challenge to venue. *Petition* (ECF No. 1-1).

This action is a second or successive habeas corpus petition. *See In re Cook*, 215 F.3d 606, 608 (6th Cir. 2000)("[W]e hold that because his initial § 2254 application was dismissed for unexcused procedural default and was therefore 'on the merits,' Cook's current application is a 'second or successive habeas corpus application' under § 2254(b). . . ."). Before a second or successive petition for a writ of habeas corpus can be filed in a district court, a petitioner must ask the appropriate circuit court of appeals for an order authorizing the district court to consider the application.  28 U.S.C. § 2244(b)(3)(A).  If a district court in the Sixth Circuit determines that a petition is a second or successive petition, *see In re Smith*, 690 F.3d 809 (6th Cir. 2012), that court must transfer the petition to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631.  *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). The Sixth Circuit, in turn, will authorize the filing of a second petition only if the petitioner establishes either that the claim sought to be

2

asserted relies on a new rule of constitutional law made retroactive by the United States Supreme Court to cases on collateral review, or that the factual predicate for the claim could not have been discovered previously through the exercise of diligence, and these facts, if proven, would establish by clear and convincing evidence that, but for the constitutional error, no reasonable fact finder would have found the applicant guilty. 28 U.S.C. 21 2244(b)(2).

Because the *Petition* is a second or successive petition within the meaning of 28 U.S.C. § 2244, this Court lacks jurisdiction to entertain the claims presented in the *Petition* absent authorization by the United States Court of Appeals for the Sixth Circuit.

It is therefore **RECOMMENDED** that the *Petition* be transferred to the United States Court of Appeals for the Sixth Circuit as a successive petition.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right

to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See*, *e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).


September 7, 2016                       *s/ Norah McCann King*
                                             Norah McCann King
                                             United States Magistrate Judge