IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MAHMUD I. MORRAR,**

    Petitioner,

    vs.                                Civil Action 2:16-cv-850
                                          Judge George C. Smith
                                          Magistrate Judge King

**WARDEN, LONDON CORRECTIONAL INSTITUTION,**

    Respondent.

**ORDER**

This is an action for a writ of habeas corpus under 28 U.S.C. § 2254, in which Petitioner challenges his criminal conviction[1] in the Madison County Court of Common Pleas. On September 7, 2016, the United States Magistrate Judge recommended that the action be transferred to the United States Court of Appeals for the Sixth Circuit as a second or successive petition. *Report and Recommendation*, ECF No. 2. This matter is now before the Court on Petitioner's objection to that recommendation. *Objection*, ECF No. 3. The Court will consider the matter *de novo*. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b).

This is Petitioner's second challenge in this Court to his conviction. His first habeas corpus action was dismissed as procedurally defaulted. *Morrar v. Warden, London Correctional*

---

[1] In 2009, Petitioner was convicted on charges of fleeing and eluding and discharging a firearm into a habitation, with a gun specification. The state trial court sentenced him to an aggregate term of 15 years in prison. *State v. Morrar*, 2010 WL 202904 (Ohio App. 12th Dist. May 24, 2010).

*Institution*, 2:11-cv-574 (S.D. Ohio Dec. 16, 2011). The United States Court of Appeals for the Sixth Circuit declined to issue a certificate of appealability. *Morrar v. Timmerman-Cooper*, No. 12-3008 (6th Cir. June 1, 2012). It was in light of these prior proceedings that the United States Magistrate Judge recommended that this action be transferred to the Sixth Circuit as a second or successive petition within the meaning of 28 U.S.C. § 2244(b)(3)(A). *See In re Cook*, 215 F.3d 606, 608 (6th Cir. 2000)("[W]e hold that because his initial § 2254 application was dismissed for unexcused procedural default and was therefore 'on the merits,' Cook's current application is a 'second or successive habeas corpus application' under § 2254(b). . . .").

In his objections, Petitioner addresses only the merits of the claims sought to be asserted in this action; he does not challenge the Magistrate Judge's characterization of the action as a second or successive petition.

Having reviewed the record, the Court agrees that this is a second or successive petition within the meaning of 28 U.S.C. § 2244 and that this Court lacks jurisdiction to entertain the claims presented in the *Petition* absent authorization by the United States Court of Appeals for the Sixth Circuit.

The *Report and Recommendation*, ECF No. 2, is therefore **ADOPTED and AFFIRMED**. The *Petition* is **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as a successive petition.

                                         */s/ George C. Smith*
                                         **GEORGE C. SMITH, JUDGE**
                                         **UNITED STATES DISTRICT COURT**